MICHAEL ASCHENBRENER (277114)
(masch@kamberlaw.com)
**KAMBERLAW LLP**
401 Center St, Suite 111
Healdsburg, CA 95448
Phone: (212) 920-3072
Fax: (212) 202-6364

*Attorneys for Plaintiff and
the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# _____ DIVISION

| | |
|---|---|
| JENNIFER TURNER, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> QUINSTREET, INC. d/b/a Schools.com, a Delaware corporation, <br><br> Defendant. | Case No. 3:18-cv-1486 <br><br> **CLASS ACTION** <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

# INTRODUCTION

Plaintiff Jennifer Turner ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, hereby file this Class Action Complaint, alleging against Defendant Quinstreet, Inc. ("Defendant" or "Quinstreet") as follows:

## I. NATURE OF THE ACTION

1. This case arises out of Defendant's unlawful practice of sending Plaintiff text (SMS) messages without his consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

2. Defendant's conduct constitutes a knowing, willful, and intentional invasion of privacy to Plaintiff and putative Class members.

## II. THE PARTIES

3. Plaintiff Jennifer Turner is, and at all times was, a citizen and resident of the Town of Glenwood Springs, County of Garfield, State of Colorado. She is, and at all times relevant was, a "person" as defined by 47 U.S.C. § 153 (39).

4. Defendant Quinstreet, Inc. is a Delaware corporation with its principal place of business located at 950 Tower Lane, 6th Floor, Foster City, California 94404 in San Mateo County.

## III. JURISDICTION AND VENUE

5. **Jurisdiction**. This Court has personal jurisdiction over Defendant because (a) a substantial portion of the wrongdoing alleged herein took place in this state, (b) Defendant is a foreign corporation registered with the California Secretary of State, is authorized to do business here, has sufficient minimum contacts with this state, and/or otherwise intentionally avails itself of the markets in this state through the promotion, marketing, and sale of products and services in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this District under 28 U.S.C. § 1391(b). Defendant resides in this district.

8. **Intradistrict Assignment**. Under L.R. 3-2(d), this case should be assigned to the

San Francisco Division or Oakland Division.

## IV.     FACTUAL ALLEGATIONS

**A.**     **The TCPA**

9. The purpose of the TCPA is to protect consumers from unwanted calls and text messages, such as those received Defendant sent to Plaintiff.

10. Under the FCC's July 10, 2015 Order (the "2015 FCC Order") (Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; American Association of Healthcare Administrative Management, Petition for Expedited Declaratory Ruling and Exemption; et al, Federal Communications Commission, 30 FCC Rcd. 7961 (July 10, 2015)), companies wishing to place certain call or text messages must obtain prior express written consent.

11. The 2015 FCC Order also clarified that telephone calls and text messages have the same protections under FCC rules, and that text messages are "calls" for purposes of the TCPA.

12. When soliciting consent, the consumer consent to receive solicitations must be unambiguous, meaning the consumer must receive a "clear and conspicuous disclosure:" (1) that s/he will receive future calls or text messages that deliver auto-dialed and/or pre-recorded telemarketing messages; and, (2) that consent is not a condition of purchase.

13. Marketers must disclose the following: "By participating, you consent to receive text messages sent through an automatic telephone dialing system."

14. The elements of a cause of action under the TCPA are: (1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent and/or after the recipient had withdrawn consent.

15. A consumer may recover $500 in statutory damages for each violation of the TCPA, and $1,500 for violations that proved to be willful.

16. The 2015 FCC Order also requires companies to keep consent records for four (4) years.

**B.**     **Plaintiff's Experience with Defendant**

17. On Wednesday, August 9, 2017, Plaintiff received a text message from the phone number 970-409-1506 that stated: "Our records show you may qualify for up to $5815 in grant

money. Visit clck.co/s/ukezcs to find out exact amount. No more SMS from Schools.com? Reply stop[.]"

18. On Thursday, August 10, 2017, Plaintiff received a text message from the same phone number that stated: "Jennifer, become a leader in business with the right program: clck.co/s/uM.AZFK or call us at (844) 705-9982. No more SMS from Schools.com? Reply stop[.]"

19. On Friday, August 11, 2017, Plaintiff received a text message from the same phone number that stated: "Invest in your future with these schools we found for you: clck.co/s/uO0vdZ or get live help at (844) 705-9982. No more SMS from Schools.com? Reply stop[.]"

20. On Saturday, August 12, 2017, Plaintiff received a text message from the same phone number that stated: "Ready to serve & protect your community? Find criminal justice programs: clck/co/s/u@i3c2 No more SMS from Schools.com? Reply stop[.]"

21. On Sunday, August 13, 2017, Plaintiff received a text message from the same phone number that stated: "Help change your patients' lives as a psychologist. Find the right program: clck.co/s/uRDudu No more SMS from Schools.com? Reply stop[.]"

22. On Monday, August 14, 2017, Plaintiff receive a text message from the same phone number that stated: "There's nothing more rewarding that saving lives. Find healthcare programs now: clck.co/s/uTE9Dz No more SMS from Schools.com? Reply stop[.]"

23. On Tuesday, August 15, 2017, Plaintiff received a text message from the same phone number that stated: "Workers w/ a bachelor degree had 2.8% unemployment (BLS.gov 2015). Find programs: clck.co/s/uWEnic No more SMS from Schools.com? Reply stop[.]"

24. On Sunday, October 8, 2017, Plaintiff received a text message from the same phone number that stated: "Jennifer, become a leader in business with the right program: clck.co/s/wF0jFX or call us at (844) 705-9982. No more SMS from Schools.com? Reply stop[.]"

25. On Monday, October 9, 2017, Plaintiff received a text message from the same phone number that stated: "Invest in your future with these schools we found for you: clck.co/s/wG3NCo or get live help at (844) 705-9982. No more SMS from Schools.com? Reply stop[.]"

26. On Tuesday, October 10, 2017, Plaintiff received another text message from the

same phone number that stated: "Ready to serve & protect your community? Find criminal justice programs: clck.co/s/wIl8f2 No more SMS from Schools.com? Reply stop[.]"

27. On Wednesday, October 11, 2017, Plaintiff received another text message from the same phone number that stated: "Help change your patients' lives as a psychologist. Find the right program: clck.co/s/wMZugx No more SMS from Schools.com? Reply stop[.]"

28. On Thursday, October 12, 2017, Plaintiff received another text message from the same phone number that stated: "There's nothing more rewarding than saving lives. Find healthcare programs now: clck.co/s/wP2NCo No more SMS from Schools.com? Reply stop[.]"

29. On Friday, October 13, 2017, Plaintiff received another text message from the same phone number that stated: "Workers w/ a bachelor degree had 2.8% unemployment (BLS.gov 2015). Find programs: clck.co/s/wSfCgg No more SMS from Schools.com? Reply stop[.]"

30. On Saturday, October 21, 2017, Plaintiff received another text message from the same phone number that stated: "Jennifer, become a leader in business with the right program: clck.co/s/xn30io or call us at (844) 705-9982. No more SMS from Schools.com? Reply stop[.]"

31. On Monday, October 23, 2017, Plaintiff received another text message from the same phone number that stated: "Ready to serve & protect your community? Find criminal justice programs: clck.co/s/xsBnhN No more SMS from Schools.com? Reply stop[.]"

32. On Tuesday, October 24, 2017, Plaintiff received another text message from the same phone number that stated: "Help change your patients' lives as a psychologist. Find the right program: clck.co/s/xunCC@ No more SMS from Schools.com? Reply stop[.]"

33. On information and belief, the phone number 970-409-1506 is controlled by Defendant.

34. The links included in the messages lead to various websites controlled by Defendant.

35. Other than the use of Plaintiff's first name, Jennifer, in two messages, there is nothing personal about the content of the text messages. Plaintiff's name was likely included by the computer system controlling the ATDS sending these messages.

36. Notably, the order of the messages generally follows the same pattern: business;

schools generally; criminal justice; psychology; healthcare; unemployment rate. This pattern repeated itself throughout the sets of messages Defendant sent to Plaintiff. This further indicates the impersonal, ATDS-nature of these messages.

37. On information and belief, the text messages Plaintiff received from Defendant are similar to or the same as thousands of messages placed to the putative Class Members.

38. On information and belief, Plaintiff and the putative Class Members' phone numbers were entered into and stored in a dialing database.

39. On information and belief, Defendant utilized equipment with the capacity to call random, sequential, and/or pre-programmed phone numbers in order to send text messages to Plaintiff and putative Class Members.

40. On information and belief, Defendant sent thousands of similar text messages to individuals whose numbers had also been uploaded into the database.

41. Plaintiff had no relationship with Defendant and did not know why she received messages purporting to be from Defendant. Plaintiff had not provided her phone number to Defendant.

42. Defendant did not make the requisite disclosures to Plaintiff regarding use of an ATDS and did not obtain Plaintiff's prior express written consent to receive text messages for any purpose, as required by 47 CFR § 64.1200(f)(8).

43. Despite not obtaining prior express written consent or making the requisite disclosures, Defendant sent one (1) or more text messages ("calls" in FCC parlance) to Plaintiff regarding for-profit education services. On information and belief, Defendant used an ATDS to send text messages without prior express written consent to Plaintiff.

44. The message Plaintiff received was not merely informational, but rather also included advertising regarding the availability of Defendant's for-profit education services.

45. The message appears to be a form, impersonal, generic messages sent *en masse*.

46. Defendant intentionally sent these messages to Plaintiff in order to advertise the availability of its services.

47. Plaintiff received these messages in violation of the TCPA.

48. These text messages invaded Plaintiff's privacy.

49. Defendant's conduct of sending text messages containing advertising to Plaintiff and Class Members without consent and without providing the required disclosures as described herein was intentional and willful.

50. On information and belief, Defendant sends similar text messages containing advertising in the same form and manner as the messages Plaintiff received to mobile phone numbers across the country.

## V. CLASS DEFINITION AND CLASS ALLEGATIONS

51. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) & (b)(3) on behalf of himself, on behalf of all others similarly situated, and as a member of the Class, as defined as follows:

> All persons in the United States of America to whom Defendant has placed any pre-recorded voice calls or sent any automated commercial text message for whom Defendant has no record of prior express consent and/or for whom Defendant has no record of providing the required disclosures between October 16, 2013 and the date of class certification of this action.

52. Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; (v) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer; (vi) all lawyers of record in this matter or any matters with which this matter gets consolidated; (vii) all persons who received a pre-recorded phone call or an automated text message from Defendant as a result of investigative work by any lawyer in this matter or any matters with which this matter gets consolidated.

53. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

54. **Numerosity**: Members of the Class are so numerous that joinder of all members is

impracticable. While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiff believes that Class members number in the thousands of persons, if not more.

55. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include, among others:

   a. Whether Defendant has a policy of obtaining express written consent prior to sending text messages to consumers;

   b. If so, whether Defendant enforces such a policy;

   c. Whether Defendant has a policy of providing the disclosures required by the FCC concerning the use of ATDS to consumers prior to sending text messages to consumers;

   d. If so, whether Defendant enforces said policy;

   e. Whether Defendant sends text messages to consumers;

   f. Whether Defendant places phone calls to consumers;

   g. Whether Defendant's conduct, as alleged herein, violates the TCPA;

   h. Whether Defendant scans the content of users' contacts lists;

56. This action is properly maintainable as a class action for the reasons set forth below.

57. **Typicality:** Plaintiff's claims are typical of the claims of the members of the TCPA Class she seeks to represent because Plaintiff, like the Class members, received text messages from Defendant without providing prior express consent or receiving the required disclosures from Defendant. Defendant's practices were and are uniformly directed to all consumers. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct in violation of federal law. Plaintiff and the members of the TCPA Class he represents sustained the same types of damages and losses. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

CLASS ACTION COMPLAINT                                                3:18-cv-1486
7

58. **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because his interests do not conflict with the interests of the Class members Plaintiff seeks to represent. Plaintiff has retained highly competent counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and the interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

59. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. The damages suffered by each individual Class member are limited and prescribed by law. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class-action device presents far fewer management difficulties, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court.

60. Certification of this class action is appropriate under Fed. R. Civ. P. 23(b)(2) & (b)(3) because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members. Certification is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

61. Certification of Plaintiff's claims for class-wide treatment is also appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

62. Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be

encountered in the management of this action that would preclude its maintenance as a class action.

## VI. CAUSES OF ACTION

### COUNT I
### Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*

63. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

64. Defendant sent commercial text messages ("calls" in FCC parlance) to the mobile cellular telephones of Plaintiff and the Class.

65. On information and belief, Defendant used an ATDS to send commercial text messages to the mobile cellular telephones of Plaintiff and the Class.

66. Defendant did not obtain express written consent prior to sending commercial text messages to Plaintiff or the Class.

67. Defendant did not "clearly and conspicuously" disclose the "seller" on whose behalf the text messages were sent, in violation of 47 CFR § 64.1200(f)(8).

68. Defendant did not provide to Plaintiff or the Class the disclosures required by the FCC concerning the use of an ATDS.

69. Plaintiff and the Class are entitled to, and seek, awards of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

70. Plaintiff and the Class are entitled to, and seek, awards of $1,500.00 in statutory damages for each and every violation because Plaintiff alleges Defendant's conduct was and is willful, pursuant to 47 U.S.C. § 227(b)(3)(C).

71. Plaintiff and the Class are entitled to, and seek, injunctive relief prohibiting such conduct in the future.

72. Plaintiff and the Class are also entitled to recover reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

A. For an order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B. For an order awarding, as appropriate, monetary damages to Plaintiff and the Class for Defendant's knowing and willful violations of the TCPA;

C. For an order enjoining Defendant from engaging in the conduct alleged herein;

D. For an order awarding attorneys' fees and costs;

E. For an order awarding pre-and post-judgment interest; and

F. For such other and further relief as the Court deems just and proper.

DATED: March 8, 2018 **KAMBERLAW LLP**

By: s/ Michael Aschenbrener
Michael Aschenbrener
*Attorney for Plaintiff and the Putative Class*

## JURY DEMAND

Plaintiff, Individually and on behalf of All Others Similarly Situated, hereby demands that this matter be tried by jury.

DATED: March 8, 2018            **KAMBERLAW LLP**

By: s/ Michael Aschenbrener
Michael Aschenbrener
*Attorneys for Plaintiff and the Putative Class*